

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. O-1387
Re: Creation of deficiency debt
against independent school district
local maintenance fund.

We are in receipt of your letter of September 1, 1939, request-
ing an opinion of this Department, which reads in part as follows:

"It appears that an independent school district in this county is attempt-
ing to borrow the sum of $3,000 from a local bank for the purpose of erect-
ing a building. The board of trustees intend to sign a note for one year,
with the privilege of renewing the note from year to year until the debt is
paid. The payments upon the note are to be made out of the local mainte-
nance fund.

"I would like your opinion to show the answers to the following questions:
Can an independent school district borrow money for the purpose of purchas-
ing building material to be used in erecting a school building? If so,
and the note is made payable within one year, must this note be paid with-
in the year, do the school trustees have the power to renew the note indef-
initely? If the school trustees have this power, do they have the power
to make payments out of the local maintenance fund?"

It is apparent from your letter that the school district does
not contemplate voting a tax or issuing bonds for the erection of a school
building, but the trustees merely intend to borrow the money without mak-
ing any additional provisions therefor.

Article 2827, Revised Civil Statutes, 1925, provides in part as
follows:

"The public free school funds shall not be expended except for the follow-
ing purposes:
"2. Local school funds from district taxes, tuition fees of pupils not
entitled to free tuition and other local sources may be used for the pur-
poses enumerated for State and county funds and for purchasing appliances
and supplies, for the payment of insurance premiums, janitors and other
employees, <u>for buying school sites, buying, building and repairing and
renting school houses,</u> and for other purposes necessary in the conduct
of the public schools to be determined by the Board of Trustees, . . ."
(underscoring ours)

Article 2749, Revised Civil Statutes, 1925, contains the following language:

". . . provided, that the trustees, in making contracts with teachers, shall not create a deficiency debt against the district."

The Supreme Court in Collier vs. Peacock (1900), 54 S.W. S.W. 1027, held that a board of trustees was not authorized to execute a teacher's contract which would cause a deficiency debt against the school fund of the district for any particular year. The same doctrine has been extended and applied not only to teachers' contracts but to other obligations such as the purchase of supplies, equipment, and permanent improvements to the school properties.

In Templeman Common School District vs. Boyd E. Head Company (T.C.A. 1937), 101 S.W. (2d) 352, two warrants were issued in payment for septic toilets, said warrants being dated February 22, 1933, due February 22, 1934 and April 1, 1934. These were renewal warrants and there was no showing that the district had any available funds on hand for the year for which the purchase was made. The court in holding that recovery could not behad on said warrants stated:

"While the language used in said statute (2740) refers specifically to a deficiency created in the employment of teachers, it has been held that it applies with equal force to debts incurred in the purchase of equipment. In this connection, the Court of Civil Appeals in Stephenson vs. Union Seating Co., 62 S.W. 128, 129, in referring to the holding of the Supreme Court in Collier vs. Peacock, supra said:

"'It is held that a warrant for a teacher's salary in excess of the sum apportioned to the district for the year cannot be made a charge upon funds of a subsequent year. Article 3959 (now Article 2749) was construed as a limitation upon the powers of the trustee to contract any debt which would cause a deficiency in the school fund of the district. While the article applies alone to contracts for teachers' salaries, we think the construction placed upon it by the Supreme Court applies with equal force to the articles controlling the purchase of school furniture.'"

This same doctrine has been applied to independent school districts. Trustees of Crosby Independent School District vs. West Disinfecting Com., (T.C.A. 1938) 121 S.W. 2d 661; First National Bank vs. Murchison Independent School District (T.C.A. 1938), 114 S.W. 2d 382. In the last cited case, the suit was upon warrants maturing one, two, and three years from date, bearing six per cent interest, payable out of the local maintenance fund for furniture or money advanced to purchase furniture. The court stated:

"Nor were there, for the particular years over and above the amounts necessary to conduct the school, any available fund out of which these debts could be paid."

It was again pointed out by the Court in Harlingen Independent School District vs. C. H. Page & Bros. (Com. App. 1932) 48 S.W. 2d 983, that:

"From the above, it is evident that the powers of the school board to expend the funds of the district are at all times limited to an available fund, and to the particular thing prescribed by the statute. The board never has any authority to expend funds that are not available."

In answer to your questions, it is our opinion that an independent school district may use any surplus funds in its local maintenance fund for the purpose of erecting a school building, and may issue its evidence of indebtedness in contemplation of current revenues; but whatever the form of said evidence of indebtedness, the Board of Trustees is not authorized to create a deficiency debt against said fund for future years, and the person advancing such money must look solely to the surplus funds accumulated for the year said obligation was created, and not to the revenue of subsequent years, the time of payment not being controlling.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack

Cecil C. Cammack
Assistant

CCC:M:egw

APPROVED SEP 18, 1939
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY B W B
Chairman
